# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00090-MR-DLH

| | |
|---|---|
| PLANET EARTH TV, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| LEVEL 3 COMMUNICATIONS, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Judgment on the Pleadings [Doc. 23] and the Defendant's Motion for Summary Judgment [Doc. 39]. A hearing was held on these motions on July 6, 2018.

## I. BACKGROUND

The Plaintiff Planet Earth TV, LLC is a North Carolina start-up company that proposed to provide on-demand television content via the internet to retail customers. Defendant Level 3 Communications, LLC is a Delaware company that provides telecommunications services.

The Defendant extended to the Plaintiff a proposal whereby the Defendant would provide "Origin Storage" and "Video Delivery" services to the Plaintiff, along with access to Adaptive Origin Servers ("AOSs"). The "Origin Storage" consisted of the Defendant's servers for the storage of the video content the Plaintiff sought to provide to its customers, and "Video Delivery" pertained to the means by which that content would be delivered to the Plaintiff's customers. The AOSs are the physical servers necessary to store the content in a manner such that it is accessible to the Plaintiff's customers on demand.

The Defendant's proposal called for the agreement between the Plaintiff and the Defendant to commence on January 1, 2016, with the first two months' service to be provided free of charge. Thereafter, the Plaintiff was to pay a $3,500 set-up fee plus $8,000 per month. The Plaintiff signed this proposal, thus constituting an offer, which the Defendant accepted. Though not specifically addressed in the proposal, the Defendant required that the Plaintiff post a letter of credit to secure the payments due. The Plaintiff provided the Letter of Credit through BB&T. By its terms, the Letter of Credit expired on November 10, 2016.

The Plaintiff never connected to the Defendant's network. The main point of contention between the parties is whether the Defendant effectively

provided the "ingest IP address" to the Plaintiff. This is, in essence, the access code by which the Plaintiff would be able to begin uploading its content to the Defendant's network. Without it, the Defendant's services were useless to the Plaintiff. There is a factual dispute as to whether the Defendant provided this ingest IP address at all, and if the Defendant did, whether it was provided in a manner that was ineffective and thus nevertheless constituted a material breach of the contract.

The Plaintiff paid the $8,000 invoice for March 2016 but never made another payment. The Defendant drew on the Letter of Credit on November 1, 2016, mere days before it was set to expire, in the amount of $67,500. The Defendant terminated service on November 18, 2016, though the Plaintiff had never connected or uploaded any content.

The Plaintiff asserts five causes of action against the Defendant: (1) breach of contract; (2) conversion, including a claim for punitive damages; (3) declaratory judgment; (4) rescission; and (5) unjust enrichment. The Defendant, in turn, asserts a counterclaim against the Plaintiff for breach of contract.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment

3

as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the case." N&O Pub. Co. v. RDU Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). A "genuine dispute" exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be genuinely disputed must support its assertion with citations to the record or by showing that the adverse party cannot produce admissible evidence to support that fact. Fed. R. Civ. P. 56(c)(1). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). If this showing is made, the burden then shifts to the non-moving party who must convince the court that a triable issue exists. Id. Finally, in considering a party's summary judgment motion, the Court must view the pleadings and materials presented in the light most favorable to the non-moving party, and must draw all reasonable inferences in favor of the non-movant as well. Adams v. Trustees of Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).

## III. DISCUSSION

### A. Breach of Contract

The crux of this case is whether the Defendant materially breached its contractual obligation to provide the "ingest IP address" needed for the Plaintiff to access the Defendant's network and services. The parties' evidence is in conflict on this point, and therefore summary judgment is inappropriate regarding the parties' competing breach of contract claims.

### B. Conversion

The Plaintiff asserts a claim for conversion of the $67,500 the Defendant drew down on the Letter of Credit. The Plaintiff, however, already claims that it suffered a loss of this $67,500 by having paid (albeit involuntarily) for services it never received. Under North Carolina's economic loss rule, a breach of contract generally "does not give rise to a tort action by the promisee against the promisor." N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81, 240 S.E.2d 345, 350 (N.C. 1978). Here, the Plaintiff's conversion claim is not distinct from its breach of contract claim because the determination of whether the Defendant rightfully drew down on the Letter of Credit turns on whether the parties performed under the Contract. Because the Plaintiff's conversion claim is coterminous with

5

its breach of contract claim, the Court concludes that the claim for conversion is barred by the economic loss rule. This claim, therefore, is dismissed.

The Plaintiff seeks punitive damages in relation to its conversion claim. Because the Plaintiff's claim for conversion has been dismissed, the Court dismisses the Plaintiff's claim for punitive damages as well.

### C. Declaratory Judgment

The Plaintiff seeks a declaratory judgment regarding the parties' rights and obligations under the Agreement; the terms of the Agreement; and whether there were any breaches of the Agreement. Specifically, the Plaintiff seeks a declaration "that the Defendant breached the Agreement with Plaintiff, that Defendant is not owed any money from Plaintiff and is not entitled to collect any additional sums from Plaintiff, and that Plaintiff is entitled to reimbursement from Defendant of all sums previously paid." [Doc. 1 at 7 ¶ 40].

The Plaintiff's declaratory judgment claim, being based on the same allegations regarding the Defendant's alleged breach, is "simply duplicative" of the Plaintiff's breach of contract claim. Diamond Falls Estates, LLC v. Nantahala Bank & Tr. Co., No. 2:14-CV-00007-MR-DLH, 2015 WL 5233010, at *17 (W.D.N.C. Sept. 8, 2015), aff'd, 684 F. App'x 316 (4th Cir. 2017); Sprint Commc'ns Co., L.P. v. FairPoint Commc'ns, Inc., No. 3:16-CV-00820-

6

GCM, 2017 WL 2919015, at *6 (W.D.N.C. July 7, 2017) (dismissing declaratory judgment claim where purpose of such claim "is only to resolve an already-existing breach of contract claim"). Accordingly, the Plaintiff's declaratory judgment claim is hereby dismissed.

### D. Rescission

The Plaintiff claims it is "entitled to rescission of the Agreement and equitable relief to put the [it] back into the position it was in prior to the entry of the Agreement" because "Defendant cannot provide the services provided for under the Agreement." [Doc. 1 at ¶¶ 42-44]. Rescission is an equitable contract remedy, not a cause of action, that effectively treats both parties as if there were no contract. A party may pursue rescission only where there is a breach that goes to the very heart of the contract and "all legal remedies fall short of compensating the injured party for its loss." Morris v. Scenera, LLC, 368 N.C. 857, 868, 788 S.E.2d 154, 161 (2016) (citations omitted). See Reaves v. Hayes, 174 N.C. App. 341, 344, 620 S.E.2d 726, 728 (2005) ("[C]ourts of equity may grant rescission in such instances if the remedy at law will not be full and adequate.") (citation omitted). Here, should the Plaintiff prove there was a breach of contract, monetary damages available at law would wholly compensate the Plaintiff for any loss related to that

7

breach. Accordingly, the Court concludes that the Plaintiff's "cause of action" for rescission should be dismissed.

### E. Unjust Enrichment

As an alternative to its breach of contract claim, the Plaintiff that it is entitled to recover more than $75,000.00 "from the Defendant in quantum meruit/unjust enrichment for the funds it provided to the Defendant." [Doc. 1 at ¶¶ 46-47, 49]. "The general rule of unjust enrichment is that where services are rendered and expenditures made by one party to or for the benefit of another, <u>without an express contract to pay</u>, the law will imply a promise to pay a fair compensation therefor…. In order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party, and the benefit must not be gratuitous, and it must be measurable." <u>Krawiec v. Manly</u>, 370 N.C. 602, 615, 811 S.E.2d 542, 551-52 (2018) (emphasis added) (citations omitted). Since the parties do not dispute the existence of a contract in this case, there can be no recovery by the Plaintiff on the theory of unjust enrichment. Accordingly, the Plaintiff's unjust enrichment claim is also dismissed.

## IV. CONCLUSION

In sum, the Court concludes as a matter of law that the Plaintiff's claims for conversion, declaratory judgment, rescission, and unjust enrichment

8

should be dismissed for the reasons stated above. The Defendant's motion for summary judgment is denied with the parties' respective claims for breach of contract.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Judgment on the Pleadings [Doc. 23] is **DENIED** as moot; and

**IT IS FURTHER ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 39] is hereby **DENIED IN PART** and **GRANTED IN PART**. Specifically, the Motion for Summary Judgment is **GRANTED** with respect to the Plaintiff's claims for conversion, declaratory judgment, rescission, and unjust enrichment, and these claims are hereby **DISMISSED WITH PREJUDICE**. The Motion for Summary Judgment is **DENIED** with respect to the Plaintiff's claim for breach of contract and the Defendant's counterclaim for breach of contract.

**IT IS SO ORDERED.**

Signed: August 2, 2018

Martin Reidinger
United States District Judge